IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


DANIEL GROVES and        )
BETTY L. GROVES,         )
                         )
              Plaintiffs, )
                         )
v.                       )        No.  06-1248-WEB
                         )
MELISSA HOLLAND,         )
                         )
              Defendant. )
                         )


**Memorandum and Order**

On January 20, 2006, plaintiffs Daniel and Betty Groves filed a petition for forcible entry

and detainer against defendant Melissa Holland in the District Court of Montgomery County,

Kansas.  Doc. 1, Ex. 2.  The petition alleged that plaintiffs were the owners of certain real property

in Montgomery County, that the defendant had recently entered on the property and failed to vacate

it as demanded by the plaintiffs after notice, and that plaintiffs were entitled under the Kansas

Residential Landlord and Tenant Act to an order granting them immediate possession of the

property.   Defendant, acting pro se, filed an answer denying the allegations and asserting

counterclaims against the plaintiffs.  Among other things, defendant claimed to have purchased the

property and claimed she had been defrauded by the plaintiffs.

On August 21, 2006, defendant filed a notice of removal of the action to U.S. District Court,

alleging that her constitutional rights were being violated in the state proceeding because she had

not been given a jury trial and because "Kansas State Statute of Real Estate Laws ... do not allow

defendant the constitutional right of acknowledgment an [sic] oral agreement for sale of real estate

to be enforced, ...” Doc. 1 at 1-2.  The Notice alleged that diversity jurisdiction was present because “2 different people from two different states claimed, under oath in a hearing on this case, 14 Feb. 2006, to have been the actual person putting the notice to quit on the residence.” *Id*. at 2.  Defendant apparently conceded that more than 30 days had passed since her receipt of the petition and summons, but she argued removal of the action was nevertheless proper under various authorities and because “the summons was not properly filed due to speaking demurrer, and time frame of notice to quit issued and petition filed, along with other factors.” *Id*.  Defendant further alleged that the foregoing “diversity of residence issue” could not have been foreseen within the first 30 days after the filing of the petition.

After reviewing the file, the court finds the action must be remanded to state court because this court lacks subject matter jurisdiction over the dispute.

As an initial matter, the court notes that even if subject matter jurisdiction were present, defendant’s Notice of Removal was not timely.  Section 1446(b) of Title 28, United States Code, requires a notice of removal to be filed within 30 days of the defendant’s receipt of the initial pleading.  If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after defendant receives an amended pleading or other paper from which it may first be ascertained that the case is or has become removable, except that a diversity action may not be removed more than one year after commencement of the action.  *Id*.    Defendant apparently recognizes that her notice -- which was filed some seven months after the filing of the state court petition -- may be untimely, as she argues she could not have foreseen the “diversity of residence issue” about the individuals who posted a Notice to Quit on the disputed property.  But this allegation clearly fails to establish diversity of citizenship within the meaning of 28 U.S.C. § 1332,

which requires complete diversity of citizenship between the parties to the action.  *See e.g., Depex Reina 9 Partnership v. Texas Int'l Petroleum*, 897 F.2d 461, 463 (10th Cir. 1990) (section 1332's requirement of complete diversity means that all parties on one side of the litigation must be of a different citizenship from all parties on the other side of the litigation).  As such, defendant's ascertainment of this issue in the course of the litigation did not authorize a new 30-day period for filing a Notice of Removal.

Section 1447(c) provides in part that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  It is apparent from the Notice of Removal that this court lacks subject matter jurisdiction.  As noted above, defendant's allegations of diversity of citizenship misapprehend the requirements of § 1332(a) and fail to show diversity jurisdiction.  As for federal question jurisdiction under § 1331, the claims asserted in plaintiffs' petition do not arise under federal law but are based upon Kansas state law pertaining to detainer actions.  Defendant apparently asserts various defenses or counterclaims allegedly arising under the United States Constitution and federal law, but "Federal question jurisdiction cannot arise from defenses or counterclaims. It can only be based on the plaintiff's well-pleaded complaint." *Garley v. Sandia Corp.*, 236 F.3d 1200, 1207 (10th Cir.2001) (*citing Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ( "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.")).  *Cf. Topeka Housing Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005).

*Conclusion*.

The court lacks subject matter jurisdiction over this action.  Accordingly, pursuant to 28

U.S.C. § 1447(c), the action is hereby REMANDED to the District Court of Montgomery County,

Kansas.  IT IS SO ORDERED this   22nd   Day of August, 2006, at Wichita, Ks.

s/Wesley E. Brown

Wesley E. Brown
U.S. Senior District Judge